Opinion of
Justice JARED B. CAWLEY.
The Appellant has requested an Order from this Court which would dissolve the District Court’s Writ of Mandamus and further dissolve any other orders against the Appellant, with an additional Order directing the District Court to refrain from interfering with Appellant’s grievance process against the Appellee. For the reasons set forth below, the Appellant’s request is denied, and the Appellant is hereby directed to follow the District Court’s Writ of Mandamus.
1. Factual Background
On or about May 24, 2005, certain tribal members filed a Grievance Complaint before the Appellant, Sac and Fox Nation Grievance Committee, against the Appel-lee, Principal Chief Kay Rhoads. On the belief that the Complaint was flawed, Ap-pellee filed a Motion to Dismiss with Appellant in June of 2005. A hearing on the Motion to Dismiss was set by the Appellant for August 2005.
Appellant held a meeting before the healing on the Motion to Dismiss and adopted “Rules of Order” to establish “[pjrotocol for Motion to Dismiss Hearings.” These “Rules of Order”, among other things, closed the hearing to the public, and denied entrance to the hearing for legal counsel to the complainants, and legal counsel to the Appellee, unless such legal counsel was also a complainant or respondent. Appellee appeared with legal counsel at the hearing on the established date. However, Appellee’s legal counsel was denied entrance to the hearing. The hearing on the Motion to Dismiss was conducted without Appellee’s legal counsel present in the room, although the Appellee was allowed access to her legal counsel outside of the hearing room. Ultimately, Appellee’s request for a Motion to Dismiss the Complaint was denied by the Appellant. More than a year later, Appellant set a hearing date for the Grievance, which was to be heard on or about October 14, 2006.
Appellee filed an Emergency Ex Parte Temporary Restraining Order against Appellant, and sought a Writ of Mandamus in the District Court of the Sac and Fox Nation, claiming, among other things, that the Appellee’s Constitutional Due Process rights, including the right to an attorney, had been violated. The Writ request specifically sought an Order to Appellant to dismiss the Grievance filed against Appel-lee. The District Court granted the Emergency Ex Parte Temporary Re *663 straining Order and a hearing was set for the latter part of October, 2006.
On or about November 6, 2006, the District Court, having been fully advised of the matters before it, and giving all due consideration to the evidence and information presented by the Appellant and the Appellee, granted the Appellee the request for Writ of Mandamus, and remanded the Grievance to the Appellant. The Writ specifically ordered the Appellant to begin the Grievance Process “anew”, and ordered Appellant to allow Appellee to be represented by legal counsel “of choice at all stages of the proceeding” in accordance with the Constitution of the Sac and Fox Nation and the Grievance Committee Procedure Act.
On or about December 22, 2006, Appellant filed its Appeal and request for an Order from this Court to vacate the Writ of Mandamus, and an Order directing the District Court to refrain from interfering with the Appellant’s Grievance Process.
II. Unwritten Tribal Law
Appellant argues that the District Court erred by failing to acknowledge unwritten tribal law in issuing its Writ of Mandamus, specifically regarding the historical denial of participation of non-tribal members, including legal counsel, in matters relating to a filed grievance against a tribal official. Appellant’s brief provides two affidavits from tribal elders regarding this unacknowledged, unwritten, tribal law.
As appropriate, this Court gives great deference to Tribal custom and tradition in making its decisions. As appropriate, this Court also gives great deference to the Constitution and Statutes of the Tribe. The affidavits of Tribal elders, Elmer Ma-natowa and Henrietta Massey, are very much appreciated, as is their many years of dedicated service to the Tribe.
The Affidavits are used by the Appellant as a “valid” representation of the “unwritten law” of the Sac and Fox Nation, which authorizes Appellant to ban all non-tribal persons from any stage of the Grievance Process, and thus giving Appellant authority to ban Appellee’s non-tribal member legal counsel. In the Affidavits, both Tribal elders refei’enee the 1937, and 1987 Constitutions of the Sac and Fox Nation. In addition, this Court has also reviewed the contents of the 1885 Constitution, as well as the 1995 Constitution. The purpose for the review of these constitutions is two fold: 1) A Constitution, whether Tribal, State, or Federal, is the supreme law of the land as to that sovereign. The Constitutions are often given much sweat, argument, and even tears, as they go throughout the drafting and adoption process. Although it is impossible for the Constitutions to speak specifically to every incident that may arise, the principles and rights established therein govern the interpretation of any and all other laws there under, whether written, as statute or common law, or unwritten, as tradition and culture; 2) Review of previous Constitutions also aids in determining intent for inclusion or exclusion of particular laws and/or rights.
The most historical of these Constitutions, the 1885 Constitution, is also the most interesting as it applies to the right of an attorney. Article VI, Section 3 reads: “All persons shall be allowed the right of counsel.” Although this Constitution has been surpassed by additional versions, it is telling in that it shows historical evidence that even as far back as 1885, the Tribe considered the right of counsel to be a very important right of “all persons.”
The 1937 Constitution, although curiously silent as to the specific right to an attorney states in Article DC, Section 2: “This Constitution shall not in any way *664 alter, abridge or otherwise jeopardize the rights and privileges of the members of this Tribe as citizens of the State of Oklahoma or of the United States.” A citizen of the United States has the right to an attorney in Federal and State Courts as provided in the United States Constitution.
Article X, paragraph 6, of the 1987 Constitution, grants the right to “assistance of counsel” for any person at their own expense, once again specifically recognizing the importance of legal counsel for all persons. The 1995 Constitution recognizes the same right utilizing the same language. The District Court, in issuing its Writ of Mandamus, recognized this Constitutional right of the Appellee to have legal counsel assist and represent her at all stages of the Grievance Process, and correctly so.
The assistance of the Affidavits, as provided by Manatowa and Massey, is very important and shows that, historically and traditionally, the Tribe has kept the Tribal Official removal process an inter-tribal affair in order to protect the privacy rights of the accused. This is indeed the argument put forth by the Appellant However, as has been shown by the various versions of the Tribal Constitution, the numerous Tribal members who have approved those documents have also considered the right to legal counsel to be very important as well. This Court agrees that it is important to protect the privacy rights of an accused Tribal Official. However, in balancing the two rights, it must be noted that an accused’s privacy rights are not diminished in allowing the presence and assistance of legal counsel for the accused, as that legal counsel is bound by the attorney-client privilege never to disclose information that is revealed during the representation of the client. Therefore, Appellee’s privacy rights were not in danger in allowing her own attorney to represent her at any stage of the Grievance Process, including the Hearing on the Motion to Dismiss, because no matter how grievous the accusations, the legal counsel would not be able to discuss them in the public without the approval of the Appellee. Indeed, preventing the legal counsel from entering the room does not prevent the Appellee from leaving the hearing and relating the nature of the accusations to counsel.
III. Grievance Committee Power and Authority
The Appellant also argues that the Grievance Committee Procedure Act of 1982 (the “Act”) as defined in Title 15, Chapter 8 of the Sac and Fox Code of Laws (“SFC”), gives the Appellant the authority to issue and adopt rules applicable to the Preliminary Motion to Dismiss Healing. Therefore, the Appellant claims it had the authority to bar legal counsel from the Hearing. Indeed, 15 SFC Sec. 105(a), allows at least two Grievance Committee members to “make any reasonable rules and regulations, not inconsistent with this act ... provided, that no rule or regulation made by the Committee shall be of any force or effect until and unless a certified copy has been on file in the office of the Tribal Secretary for at least ten days.” Although not specifically at issue here, the Exhibit “C ” provided by the Appellant as evidence of the Rules adopted for the Motion to Dismiss Hearing does not appear to be a certified copy, nor is it dated to determine if it was indeed on file with the Tribal Secretary at least 10 days prior to the hearing. However, this particular-point is not necessary to determine the appropriateness of the Rules as promulgated.
These Rules specifically restricted the right of the Appellee to be represented by legal counsel inside the hearing, which, as *665 demonstrated above, is contrary to the Constitution of the Sac and Fox Nation. Although the Act does give the Appellant the authority to promulgate rules, it does not allow the Appellant to establish rules which violate a person’s constitutional right to legal counsel, especially when the Appellee is standing accused of misconduct or wrongdoing.
It must also be noted that additional Sections of the Act appear to contradict Appellant’s assertion that legal counsel for the Appellant should be barred from the Grievance Process. 15 SFC Section 360 allows for a party who is accused in bad faith, or for “frivolous, political, harassment, or other unlawful purposes .. shall be awarded reasonable attorney fees. If the Grievance Committee historically bars legal counsel from assisting the accused in the Grievance Process, what need would an accused have for an attorney, and thereby attorney costs to be reimbursed?
Again, if historically, all non-tribal members have been barred from attending any portion of the Grievance Process, why does 15 SFC 502, provide for the hearing of the General Council to be “open to all persons”? [1] These additional sections add credence to the finding of this Court that an accused, during all stages of the Grievance Process, has a right to the assistance and presence of legal counsel, and this right was intended by the drafters of the Grievance Committee Procedure Act.
IV. District Court Interference with the Grievance Committee
Appellant argues, without authority, that the District Court should be ordered to refrain from interference with the Grievance Process. Rather than extend the length of this opinion, the Court will find against Appellant on this request and refer Appellant to 15 SFC Sections 601 et. seq. which provide for the safeguard of the rights of all parties to the Grievance Procedure through Judicial Review by the Sac and Fox District Court. And although the referenced sections allow for Judicial Review in the event of a final order from the Grievance Committee, this Court finds that 15 SFC Section 611, restrains the Act from “abridg[ing] the power or authority of the Tribal court to take jurisdiction of or enter any order in any matter relating to this subject matter which it would otherwise be competent to address.” The District Court is certainly competent to address the infringement of the Constitutional rights of the Appellee.
V. Conclusion
The Grievance Committee Procedures Act provides the rules and regulations which directs and gives authority to the Committee Members. Part of those rules and regulations gives the Committee the authority to establish and promulgate rules for Hearing procedures. However, this Act, and the actions taken by the Committee there under, is governed by the written Constitution of the Sac and Fox Nation, which is the supreme law of the land for the Sac and Fox Nation. The Constitution, which was drafted and approved by a majority of the members of the Tribe, provides the right for an accused to have the assistance of legal counsel at the cost of the accused. That right cannot be abridged by rules put forth by the Grievance Committee members and includes the presence and assistance of legal counsel at all stages of the Grievance process. The Act itself implies and antici *666 pates that an accused will be represented by legal counsel, and the authority of the Committee to promulgate rules cannot be used to create acts or rules inconsistent with the Act itself. Additionally, the District Court is competent to address, and has authority under the Act, as well as the Constitution, to address the infringement of Constitutional rights of the Appellee.
Accordingly, this Court finds that the District Court did not err in issuing the Writ of Mandamus, nor did it interfere with the Grievance Procedure Process, and it’s Writ of Mandamus directing the Appellant to begin the Grievance Process “anew” while allowing Appellee at her own expense, the assistance and presence of counsel, is AFFIRMED,
.jp jg go ORDERED,
CONCURRING: Chief Justice MONTE DEER, Justice LARRY LENORA.

. 15 SFC Section 502 (1982), "The meeting of the General Council to hear a complaint of misconduct in office shall be an open meeting and no person may be excluded therefrom except for disruption of the Council proceedings upon order by the Grievance Committee....”